IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 2:20-cr-43-NR |
| v. | ) |
| | ) |
| TYRONE TERRY and | ) |
| TERRELLE SMITH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Defendants Tyrone Terry and Terrelle Smith have filed a number of pre-trial motions that are fully briefed and pending before the Court. **ECF 66, 67, 68, 69, 70, 71, 73, 74, 75, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87**. Pursuant to the Court's prior orders, an evidentiary hearing and oral argument related to those motions is set for June 29, 2021. **ECF 91, 100, 101, 115.** However, many of the issues raised in Mr. Terry and Mr. Smith's motions do not require further argument or evidence to resolve. Accordingly, to narrow the relevant issues and focus the parties' preparation for the upcoming hearing, the motions specified below are decided as follows:

1. **Motions to Adopt Co-Defendants' Motions.** Mr. Terry and Mr. Smith both move to adopt each other's pre-trial motions as if their own. **ECF 74, 79.** Those motions are **GRANTED**. The Court shall construe all pending pre-trial motions as if filed by both Mr. Terry and Mr. Smith, and both Mr. Terry and Mr. Smith shall be deemed to have preserved all issues raised therein.

2. **Discovery Motions.** Many of the pending motions relate to discovery issues, such as requests that the government disclose or preserve certain types of evidence. The following motions fit within that category:

- **ECF 66:** Mr. Smith's Motion for Disclosure of Agreements Between the Government's Witnesses.

- **ECF 67:** Mr. Smith's Motion for Disclosure of Favorable Evidence.
- **ECF 68:** Mr. Smith's Motion for Disclosure of Impeachment Evidence.
- **ECF 69:** Mr. Smith's Motion for Disclosure of Expert Witnesses.
- **ECF 70:** Mr. Smith's Motion for Production of Jencks Material.
- **ECF 73:** Mr. Smith's Motion for Discovery.
- **ECF 75:** Mr. Terry's Motion for Disclosure of Rule 404(b) Evidence.
- **ECF 78:** Mr. Terry's Motion for Discovery.
- **ECF 80:** Mr. Terry's Motion for Early Disclosure of Jencks Materials.
- **ECF 82:** Mr. Terry's Motion for Early Disclosure of Expert Witnesses and Expert Reports.
- **ECF 83:** Mr. Terry's Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules 404(b) and 609.

These motions are **DENIED** without prejudice as premature. In more recent cases, it has been the Court's practice to issue an order specifying that only motions made under Federal Rules of Criminal Procedure 12(b)(3)(A)-(C) must be filed before the pre-trial motions deadline. That's because, for the most part, routine discovery motions—such as those filed by Mr. Terry and Mr. Smith here—will be addressed by the deadlines set in the Court's pre-trial order. Accordingly, the Court considers all rights regarding the materials requested in these motions to be reserved. Any necessary motions to compel production of additional discovery materials may be re-filed before trial as appropriate.[1]

To the extent that any such motions are made, counsel must certify that they have conferred in advance with opposing counsel, and that they have been unable to reach an agreement as to the substance or timing of such matters. The Court's

---

[1] The Court also notes that many of the materials requested in Mr. Terry and Mr. Smith's discovery motions are materials that the government is already obligated to preserve or turn over prior to trial, irrespective of whether those materials are requested. The Court expects that the government will adhere to its discovery obligations without the need for judicial intervention. Of course, if the government fails to comply with its obligations, or with the deadlines set in the Court's pre-trial order, Mr. Terry and Mr. Smith are free to file a motion to compel at that time.

preference is that counsel work cooperatively to agree on a schedule to produce any discovery or requested material in lieu of filing any motions.

Separately, the Court acknowledges that Mr. Terry specifically requests the *early* disclosure of Jencks Act materials and expert reports, and argues that it is within the Court's discretion to order such disclosure. **ECF 79, 82.** Even assuming Mr. Terry is correct, the Court declines to order early disclosure at this juncture. No trial date has yet been set. Moreover, based on past experience, the Court anticipates that the government will act in good faith to produce Jencks Act and other material earlier than required by statute, thus avoiding any prejudice to Defendants' ability to prepare for trial. If such cooperation does not occur here, or if there is a dispute about the timeline for producing such materials, Mr. Terry may re-raise his argument that the Court should order early disclosure at that time.

**3.     Motions for Leave to File Additional Pre-Trial Motions.** Both Mr. Terry and Mr. Smith have filed motions for leave to file additional pre-trial motions based on any evidence or information subsequently disclosed by the government. **ECF 76, 81.** Those motions are **GRANTED**. That is, Mr. Terry and Mr. Smith may file pre-trial motions related to subsequently disclosed evidence at any point before trial, subject to any deadlines imposed by the Court's pre-trial order.

**4.     Motion to Dismiss or Quash the Indictment.** Mr. Smith has filed a motion to dismiss or quash the indictment against him. **ECF 84; ECF 86.** That motion is **DENIED**, for the following reasons.

In his motion, Mr. Smith argues that the indictment should be dismissed because there is no evidence connecting him to the gun he is charged with possessing and, further, the results of fingerprint and DNA tests performed on the gun were both negative as to Mr. Smith. He contends that these facts require dismissal because (1) "[s]hould the case proceed to trial, the Government will be unable to meet its evidentiary burden…" and; (2) "[h]ad the Government waited until it had received

the negative test results to present Mr. Smith's case to the grand jury, it is highly likely that no indictment would have been issued." ECF 84, ¶¶ 13, 17. Mr. Smith argues that he is entitled to dismissal under either Federal Rule of Criminal Procedure 12(b)(1), which authorizes motions raising any "defense, objection, or request that the court can determine without a trial on the merits," or Rule 12(b)(3)(A), which authorizes relief based on defects in "instituting the prosecution."

The Court disagrees. Notwithstanding the seemingly broad language of Rule 12(b), "the scope of a district court's review at the Rule 12 stage is limited." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). That is, under Third Circuit precedent, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *Id.* (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000)). Instead, so long as the indictment is not facially deficient, the government is entitled to present its evidence—weak or not—at trial. Then, if the government fails to present enough evidence to sustain a conviction as a matter of law, the remedy is a mid-trial or post-verdict motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. *See id.* ("The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 … There is no criminal corollary to the civil summary judgment mechanism.").

Thus, insofar as Mr. Smith seeks a preemptive conclusion that the government will be unable to meet its burden to prove him guilty beyond a reasonable doubt, the Court lacks the authority to make that determination prior to trial.[2]

---

[2] While Mr. Smith's motion is clearly foreclosed by current law, such motions highlight a legitimate concern—namely, the absence of procedural mechanisms for criminal defendants to challenge the sufficiency of the government's allegations or evidence against them prior to trial, akin to a motion to dismiss or summary-judgment motion in the civil context. Indeed, under existing precedent, pre-trial

Mr. Smith's second argument—that dismissal is required based on the government's failure to wait for exculpatory forensic test results before presenting its case to a grand jury—also fails. In short, the government is correct that, for better or worse, "investigators and prosecutors need not present exculpatory evidence to

---

judicial scrutiny of the basis for criminal charges is all-but foreclosed, so long as the government offers a cursory recitation of the correct legal elements in the indictment. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself[.]"); *Huet*, 665 F.3d at 595 ("[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

Notably, some commentators have questioned whether such a toothless reading of Rule 12(b) is, in fact, compelled by its text, given its similarity to its civil counterpart, Fed. R. Civ. P. 12(b), which has been interpreted as imposing more onerous pleading requirements. *See* James M. Burnham, *Why Don't Courts Dismiss Indictments? A Simple Suggestion for Making Federal Criminal Law a Little Less Lawless*, 18 Green Bag 2d 347 (2018) ("Given this system's evident unfairness, it is perhaps unsurprising that it is not what the Federal Rules of Criminal Procedure actually provide. To the contrary, all signs indicate that the criminal rules for dismissing indictments were intended to be interpreted compatibly with the civil rules for dismissing complaints."); *see also* Noel J. Francisco and James M. Burnham, *The Criminal Analogue to 12(b)(6): Judicial Power to Dismiss Indictments* (2016), *available at* https://www.martindale.com/legal-news/article_jones-day_2232222.htm

Other commentators have also proposed reforms that would provide for early review mechanisms akin to summary judgment, both to protect innocent defendants and to facilitate less coercive plea negotiations. *See* Russell M. Gold, et al., *Civilizing Criminal Settlements*, 97 B.U. L. Rev. 1607, 1613 (2017) ("Summary judgment in criminal cases would help facilitate settlement just as it does on the civil side. It would provide the court an opportunity to weigh in on the merits of the case—which may help the parties' views of their case converge and thus facilitate settlement. … It is hard to see why the government should have a lower hurdle to clear in exposing a defendant to criminal charges than for a private litigant to expose a defendant to civil claims. … Summary judgment avoids trial costs for the defendant and the risk that a jury might erroneously convict.").

Both of these proposals deserve consideration—the former by those courts with the authority to reevaluate whether prevailing interpretations of Rule 12(b) are consistent with its text, and the latter by policymakers weighing possible reforms. In the meantime, however, a motion for acquittal under Rule 29, made after the government rests at trial, remains the appropriate way for defendants to challenge the sufficiency of the government's evidence as a matter of existing precedent.

grand juries." *Costino v. Anderson*, 786 Fed. App'x. 344, 348 (3d Cir. 2019); *see also Camiolo v. State Farm Fire and Cas. Co.*, 334 F.3d 345, 262 (3d Cir. 2003) ("[C]ourts have no authority to prescribe a rule which would require a prosecutor to present exculpatory evidence to a grand jury[.]" (citation omitted)). Of course, if it is permissible for prosecutors to *withhold* exculpatory evidence from a grand jury, it follows that the failure to wait for forensic test results, which only *later* turn out to be exculpatory, also cannot provide a basis for dismissal.

**5.     Motion for Pre-Trial Determination of Admissibility.**  Mr. Smith next moves for a pre-trial determination of the admissibility of the gun he is charged with possessing.  **ECF 85**.  That motion is **DENIED**.

Although filed separately, this motion is essentially a repackaging of Mr. Smith's motion to dismiss.  That is, he argues that, because there is no evidence connecting him to the gun, the gun is not relevant, its admission would be more prejudicial than probative, and the government will be unable to authenticate the gun at trial.  He requests that the Court hold an early pre-trial hearing to determine as much, and thus exclude the gun from evidence at trial.

The Court finds that holding a hearing on the admissibility of the gun is unnecessary.  To begin with, the question of whether the government can authenticate the gun is properly addressed at trial—and the pertinent issue, for authenticity purposes, is only whether the gun is, in fact, the same gun recovered by police; not whether Mr. Smith actually possessed the gun.  *See* Fed. R. Evid. 901 (to establish authenticity, a proponent of evidence need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is.").  The government's proffer in its response brief—that it would authenticate the gun through a combination of law-enforcement testimony, police reports, photographs, and the gun's unique serial number—would be sufficient.  Accordingly, there is no need for an early determination of authenticity.

Likewise, the Court does not believe an early hearing is necessary to address the relevance of the gun, as its relevance is also not in substantial doubt. On this point, Mr. Smith's argument confuses the *relevance* of the gun with the *sufficiency* of that evidence to convict him. The gun that the government contends Mr. Smith possessed is obviously highly *relevant* to the case against him, in which he is charged with unlawfully possessing it. Indeed, the gun's mere existence, and the fact that it was allegedly found in the general vicinity of Mr. Smith's flight, meets the low bar of tending to make it "more probable" that it was possessed. *See United States v. Caldwell*, 760 F.3d 267, 277 (3d Cir. 2014) ("Relevance is a relationship between the evidence and a material fact at issue which must be demonstrated by reasonable inferences that make a material fact more probable or less probable than it would be without the evidence." (citation omitted)).

All of that is separate from Mr. Smith's objection—which is really that the government will be unable to present enough evidence to prove that he possessed the gun beyond a reasonable doubt. That is not a question of relevance, but of whether the gun, plus whatever other evidence the government may muster, is *sufficient* to convict him at trial. Normally, such questions are left to the jury to decide. More fundamentally, the sufficiency of the evidence cannot be assessed until after it has been submitted at trial and viewed as a collective whole. An early hearing to determine the gun's relevance is therefore unnecessary.

Having resolved the motions discussed above, the Court will leave the remaining two motions—Mr. Smith's motion to sever (**ECF 71**) and Mr. Terry's motion to suppress (**ECF 87**)—for consideration at the June 29, 2021, hearing.

DATE: June 3, 2021                                         BY THE COURT:

                                                           /s/ *J. Nicholas Ranjan*
                                                           United States District Judge